UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :          25-cr-367 (LAP)
        -v.-                         :
                                     :          OPINION & ORDER
MIGUEL FRANCISCO MORA NUNEZ          :
AND CHRISTHIAN AYBAR-BERROA,         :
                                     :
        Defendants.                  :
------------------------------------x

LORETTA A. PRESKA, Senior United States District Judge:

        Defendants move for the following:

        [A] special order under Local Criminal Rule 23.1(h) and
pursuant to [the Court's] inherent supervisory authority:

1.  Ordering that no person employed by or affiliated with the
    Department of Justice, Department of Homeland Security
    [DHS], New York City Police Department [NYPD], or who is
    in any way involved in the investigation or prosecution
    of this case, shall make any extrajudicial statement
    concerning this case that violates Local Criminal Rule
    23.1;

2.  Directing the Department of Justice, Department of
    Homeland Security, and all other law enforcement agencies
    and entities involved in any way in the investigation and
    prosecution of this case to remove from their websites,
    media channels, and affiliated social media channels, any
    and all material that violates Local Rule 23.1, including
    any content relating to the January 8, 2026 press
    conference; and

3.  Convening an evidentiary hearing regarding the
    Government's violations of Local Rule 23.1 and Magistrate
    Judge Wang's order, including what steps the Government
    took to ensure compliance and how the violations at issue
    occurred despite numerous prior warnings from other Judges
    in this District about extrajudicial statements that
    violate the Local Rules.

(dkt. no. 36-1 at 35; see also dkt nos. 34-36, 39, 41.)  The Government opposes the motion.  (See dkt. no. 40.)

In effect, Defendants seek a gag order.  However, the Court must first "explore whether other available remedies would effectively mitigate the prejudicial publicity."  Application of Dow Jones & Co., Inc., 842 F.2d 603, 611 (2d Cir. 1988). Specifically, the Court "must consider whether the order will be necessary to ensure an impartial jury and must find that other, less extreme available remedies, singly or collectively, are not feasible or would not effectively mitigate the pretrial publicity and bring about a fair trial."  Local Crim. R. 23.1(h).  Less drastic measures include "change of venue, postponing the trial, a searching voir dire, emphatic jury instructions, and sequestration of jurors."  Id.

The Court concludes: 1) such alternative remedies are feasible; 2) they would effectively mitigate the pretrial publicity; 3) they would bring about a fair trial; 4) further instructions regarding the Government's obligations under Local Rule 23.1 are not necessary; and 5) an evidentiary hearing is not necessary to resolve this matter.

Indeed, the Government asserts that it "has undertaken efforts to advise relevant law enforcement agencies with which it regularly works of the requirements, and prohibitions, of Local Rule 23.1(h).  Those agencies include those relevant to this case

2

and referenced in the defendants' motion, including [DHS] and the [NYPD]."  (Dkt. no. 40 at 2.)

The Court accepts counsel's assertions, as an officer of the Court, as true and finds that the record does not credibly suggest otherwise.  Accordingly, the Court finds that further instructions regarding the Government's obligations under Local Rule 23.1 are not necessary.

Defendants ask the Court to order the Government to remove content related to this case from official websites and social media channels.  The Court observes that such a drastic remedy— ordering the executive branch to remove posts that it has already determined should be communicated to the public on government websites—could raise various Constitutional, public access, and record-keeping issues.  While Defendants are without question entitled to a fair trial free from improper influence, the Court finds that it need not resort to such a drastic remedy at this time.  See United States v. Burke, 700 F.2d 70, 82 (2d Cir. 1983) ("a criminal conviction appealed on grounds of adverse preindictment publicity will not be overturned unless the moving party can bear the heavy burden of demonstrating that he has suffered actual prejudice as a result of the publicity." (quotation marks and citation omitted)).

Similarly, although Defendants contend that "the most prejudicial and inflammatory comments made about the defendants

3

have been those leveled most recently by the Secretary of Homeland Security," (see dkt. no. 36-1 at 26), and reference former Secretary Kristi Noem approximately 17 times in their memorandum of law, the Court takes judicial notice that Ms. Noem is no longer the Secretary of Homeland Security.  This substantially reduces any risk of future potentially prejudicial statements by Ms. Noem in that official capacity.

Finally, most importantly, as Judge Joseph Bianco has explained:

> [T]he Court is prepared to conduct an exhaustive jury selection process to empanel a fair and impartial jury. Questions to prospective jurors could focus on each prospective juror's exposure to news coverage or other information on this case, as well as whether any prospective juror that has been exposed to such information could be able to put aside anything she may have seen and decide the issues solely based on the evidence presented.  Based on the Court's experience, it believes that, at least given the press coverage to date and the stage of the proceedings, this process alone will root out any bias.

Coggins v. Cnty. of Nassau, No. 07-CV-3624 JFB AKT, 2014 WL 495646, at *1 (E.D.N.Y. Feb. 6, 2014); see also United States v. Curcio, 712 F.2d 1532, 1544-45 (2d Cir. 1983) ("We have emphasized only recently the efficacy of the voir dire in cases (Abscam and Watergate) involving far more extensive publicity than occurred here.")

4

For these reasons, Defendants' motion for a gag order and related relief is DENIED.  The Clerk of Court shall close docket number 34.

**SO ORDERED.**

Dated:      New York, New York
            April 30, 2026

_____
LORETTA A. PRESKA
Senior United States District Judge